**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-5059**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

SHERRI LYNN SMITH,

              Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:04-cr-00219-HEH-1)

───────────────

Submitted:  March 28, 2011       Decided:  April 14, 2011

───────────────

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael S. Nachmanoff, Federal Public Defender, Robert J.
Wagner, Assistant Federal Public Defender, Caroline S. Platt,
Appellate Attorney, Richmond, Virginia, for Appellant.   Laura
Colombell Marshall, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherri Lynn Smith pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2006), and was sentenced in November 2004 to thirty-six months' imprisonment, followed by a five-year term of supervised release. Smith's prison term was subsequently reduced to twenty-seven months as a result of her substantial assistance to the Government, see Fed. R. Crim. P. 35(b). Smith was released from imprisonment in June 2006. After Smith failed to comply with the condition of her supervised release that she report to her probation officer within seventy-two hours of her release, Smith's supervised release was revoked and she was sentenced in March 2007 to eighteen months' imprisonment, followed by forty-two months of supervised release. Smith was released from imprisonment in July 2008 and again began serving her term of supervised release.

In February 2010, Smith's probation officer petitioned the district court to revoke Smith's supervised release, alleging in the petition that Smith had violated her supervised release by testing positive for cocaine and being arrested and charged in state court with credit card fraud, intentional damage, grand larceny, and credit card larceny. Smith ultimately pled guilty in Virginia state court to two counts of petit larceny. At the revocation hearing in the district court,

Smith admitted these convictions and to testing positive for cocaine. The district court revoked Smith's supervised release and ultimately sentenced her to twenty-four months' imprisonment, followed by an eighteen-month term of supervised release. On appeal, Smith's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Smith's revocation sentence is plainly unreasonable. Smith has filed a letter concerning her sentence that we construe as a pro se supplemental brief. We affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006)

3

factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e) (West 2006 & Supp. 2010); Crudup, 461 F.3d at 439. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted). A sentence is "plainly unreasonable" if it is clearly or obviously unreasonable. Id.

After review of the record, we conclude that the revocation sentence is not plainly unreasonable. The twenty-four month prison term and the eighteen-month term of supervised release do not exceed the applicable maximums allowed by statute, see 18 U.S.C. § 3559(a)(2) (2006); 18 U.S.C.A. § 3583(e)(3), (h). The district court considered the argument of Smith's counsel and relevant § 3553(a) factors, addressing on the record Smith's history and characteristics, the nature and circumstances of her violative behavior, the need for the

4

sentence to deter Smith, and Smith's breach of trust following prior lenient treatment. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C); USSG Ch. 7, Pt. A, introductory cmt. 3(b). The district court adequately explained its rationale for imposing sentence, and the reasons relied upon are proper bases for the sentence imposed. Unfortunately, the district court considered an erroneously-calculated advisory policy statement range;[*] accordingly, the revocation sentence is unreasonable. However, we easily conclude that Smith's sentence is not "plainly unreasonable" because the sentence does not exceed the applicable statutory maximums, and the record does not contain any basis upon which to conclude that the imposed sentence is clearly or obviously unreasonable. See Crudup, 461 F.3d at 439.

In accordance with Anders, we have reviewed Smith's pro se supplemental brief and the remainder of the record and have found no meritorious issues remaining for appeal. We therefore affirm the district court's order revoking Smith's supervised release and imposing the twenty-four month prison sentence and the eighteen-month term of supervised release.

---

[*] The probation officer calculated an advisory policy statement range of eighteen to twenty-four months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") (2009). Properly calculated, the advisory policy statement range applicable to Smith was seven to thirteen months' imprisonment, see USSG §§ 7B1.1(a)(3), p.s., 7B1.4(a), p.s.; Va. Code Ann. §§ 18.2-11(a), 18.2-96(2) (2009).

This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED